```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
```

CHRISTOPHER E. JAMES,

        Petitioner,               **MEMORANDUM & ORDER**

                                                 22-cv-1120(KAM)

   -against-

MACINTOSH, Superintendent of Clinton
Correctional Facility,

        Respondent.

```
--------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

     On February 28, 2022, *pro se* petitioner Christopher James ("Petitioner"), currently incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1, Petition for Writ of Habeas Corpus ("Pet.").)  On October 27, 2022, Petitioner submitted a motion for a court order requiring the New York State ("NYS") Office of Mental Health to provide this Court with Petitioner's "psychological IQ test," which he asserts was administered in August 2022, at Marcy Correctional Facility and further requesting a court order directing DOCCS to provide the Court with Petitioner's

1

disciplinary history.  (ECF No. 28, Motion for Discovery ("Pet. Mot.").)  For the following reasons, the motion is denied.

**BACKGROUND**

On October 26, 2018, Petitioner was convicted after a jury trial of murder in the second degree (N.Y. Penal Law § 125.25(1)).  (See Pet. at 1; ECF No. 15, State's Affidavit in Opposition ("State Opp."), at ¶77.)  At trial, the prosecution presented evidence establishing that on February 10, 2010, Petitioner stabbed Kevin Pierson ("Mr. Pierson" or the "victim") to death inside his apartment at 4 Maple Wing Drive, Central Islip, New York.  (State Opp. at ¶¶8, 25.)  On November 30, 2018, the trial court sentenced Petitioner to an indeterminate prison term of 25 years to life for the murder.  (Pet. at 2.)

**PROCEDURAL HISTORY**

Petitioner, represented by counsel, appealed his conviction to the Appellate Division, Second Department, raising claims of several constitutional violations, and also submitted supplemental *pro se* briefing raising additional arguments.  (State Opp. at ¶78.)  On December 1, 2021, the Appellate Division unanimously affirmed the judgment of conviction and sentence.  *People v. James*, 157 N.Y.S.3d 307 (2d Dep't 2021).  On February 10, 2022, the New York Court of Appeals denied Petitioner's application for leave to appeal.  *People v. James*, 184 N.E.3d 851 (N.Y. 2022) (Garcia, J.).

2

On February 28, 2022, Petitioner filed the pending petition for a writ of habeas corpus, raising a subset of the claims he raised on appeal. (Pet. at 5, Pet. Letter at 1-3.) Petitioner subsequently moved for discovery, as discussed previously, (Pet. Mot.), which motion the Respondent opposed, (ECF No. 39, State's Letter in Opposition ("State Letter").

## DISCUSSION

On October 27, 2022, Petitioner filed a letter requesting court orders for several state agencies to provide this Court with evidence, presumably in connection with his pending petition for a writ of habeas corpus. (Pet. Mot. at 1.) The Court, in view of Petitioner's *pro se* status, construes this letter as a motion pursuant to Rule 6(a) and 7(a) of the Rules governing Section 2254 cases. Rule 6(a) permits the court to expand the record and order discovery on a discretionary basis so long as the petitioner shows good cause. Rules Governing § 2254 cases, Rule 6(a), 28 U.S.C. Foll. § 2254. Rule 7(a) permits the court to "direct the parties to expand the record by submitting additional materials relating to the petition." Rules Governing § 2254 cases, Rule 7(a), 28 U.S.C. Foll. § 2254.

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also*

3

*Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003). Instead, the petitioner must show that if the factual record is developed, the petitioner may be entitled to relief. *Bracy*, 520 U.S. at 908-909. "A petitioner bears a heavy burden in establishing a right to discovery." *Naranjo v. United States*, No. 16-CV-7386 (JSR) (SLC), 2019 WL 4879297, at *1 (S.D.N.Y. Oct. 3, 2019) (internal quotation marks and citation omitted). "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents 'merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error.'" *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 364 (E.D.N.Y. 2013) (quoting *Charles v. Artuz*, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998)).

Petitioner seeks an order directing the NYS Office of Mental Health to provide this Court with Petitioner's "psychological IQ test," which he asserts was given to him in August 2022, nearly four years after he was sentenced. (Pet. Mot. at 1.) Petitioner also seeks an order directing the DOCCS to provide this Court with his "Disciplinary History." (*Id.*) Petitioner does not offer any reason why these documents are relevant to his pending habeas petition beyond noting that the documents concern his "mental

4

health & disciplinary history." (*Id.*) Respondent opposes the Petitioner's request, stating:

> [N]one of the documents are part of the record developed in state court as the basis for his claims here. Thus, Petitioner has not made any good cause showing of how this discovery would support his habeas corpus petition challenging his conviction for murder. In fact, he has not given any reason at all for wanting these materials, neither of which— his disciplinary records nor his "psychological IQ test" administered after he filed his petition—has any bearing on his petition.

(State Letter at 2.) Respondent continues by noting that the alleged IQ test being sought was administered *after* the petition for a writ of habeas was filed, and it is "plain that none of the requested information—including [Petitioner's] disciplinary records—[has] any part in the Court's determination of his petition for his murder conviction from over five years ago for conduct occurring in 2010 and at trial." (*Id.*)

Petitioner's motion for discovery is respectfully denied for the reasons stated above. Even accepting that the documents being sought have any bearing on Petitioner's current mental health, they would have no bearing on his pending petition for a writ of habeas corpus. To the extent Petitioner seeks to use the documents to cast doubt on his competency to represent himself *pro se*, the Court notes that the trial court was "required to consider only that evidence actually before it." *Nicks v. United States*, 955 F.2d 161, 169 (2d Cir. 1992). As such, an IQ test and Petitioner's

5

disciplinary history from several years after the trial will have no bearing on this Court's decision regarding the merits of the habeas petition.  *See Edwards*, 991 F. Supp. 2d at 364 ("Denial of a petitioner's request is appropriate where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition.").

Accordingly, the court finds that even if the factual record on these issues was developed, it would not affect Petitioner's prospects of entitlement to relief because the underlying issues were not relevant to his conviction.

**CONCLUSION**

For the reasons stated above, Petitioner's motion for discovery is denied.  Petitioner has not shown good cause to expand the record because the discovery sought is irrelevant to the issues underlying Petitioner's indictment, trial, and conviction.

**SO ORDERED**

Dated:    January 25, 2024
          Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York