```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

CHRISTOPHER E. JAMES,

        Petitioner,  **MEMORANDUM & ORDER**

                                               22-cv-1120(KAM)

   -against-

MICHAEL D'AMORE, Superintendent of
Marcy Correctional Facility,

        Respondent.

```
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

    Before the Court is the joint motion of Petitioner Christopher James ("Petitioner") and Respondent Michael D'Amore ("Respondent") to supplement the record pursuant to Federal Rule of Appellate Procedure ("FRAP") 10(e). (ECF No. 54.) For the reasons set forth below, the motion is granted.

**BACKGROUND**

    On February 28, 2022, Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1, Petition for Writ of Habeas Corpus ("Pet.").) Petitioner subsequently filed a letter on March 17, 2022, with additional claims, which the Court considered alongside his original Petition. (ECF No. 6, Petitioner's Letter ("Pet.

1

Letter").)  Respondent submitted his answer and opposition on July 8, 2022, consisting of, among other things, an affidavit under penalty of perjury making factual statements "based on information from [the Suffolk County District Attorney's Office's] files for [Petitioner's] case."  (ECF No. 15, State's Affidavit in Opposition ("State Opp."), at pp. 1, 29.))

Respondent's affidavit made reference to Petitioner's appellate brief and supplemental *pro se* brief filed as part of Petitioner's direct appeal, which respondent opposed.  (State Opp. at ¶78.)  Although the Presentence Report was not referenced in the affidavit, Respondent noted in his Memorandum of Law the statements made by Petitioner to the Suffolk County Department of Probation.  (ECF No. 16, State's Memorandum of Law in Opposition ("State Mem.") at 29.).  Respondent's answer also included its records of Petitioner's case, including transcripts from Petitioner's first and second trials, transcripts from pretrial hearings, the parties' submissions and the trial court's rulings on motions submitted prior to trial, and Petitioner's collateral attacks on his conviction.  (*See generally* ECF No. 18, State Court Record.)

On February 1, 2024, this Court denied Petitioner's Section 2254 petition in its entirety.  *James v. D'Amore*, No. 22-CV-1120 (KAM), 2024 WL 384912, at *1 (E.D.N.Y. Feb. 1, 2024).  Petitioner,

2

now represented by counsel, appealed, (ECF No. 48), and the parties now jointly move under FRAP 10(e)(2)(A) and (B) to supplement the appellate record with "(1) the parties' briefs to the New York Supreme Court's Appellate Division in [Petitioner's] direct appeal and (2) [Petitioner's] presentencing report," (ECF No. 54 at 1).

**LEGAL STANDARD**

FRAP 10(a) states that the record on appeal is generally comprised of (1) the "papers and exhibits filed in the district court"; (2) "the transcript of the proceedings"; and (3) "a certified copy of the docket entries." FRAP 10(e) provides an exception to FRAP 10(a): "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals."

The movant in a FRAP 10(e) motion "must demonstrate that the evidence to be supplemented was before the lower court in the course of its proceedings leading to the judgment under review and was mistakenly omitted from the record." *Robinson v. Sanctuary Record Grps.*, 589 F. Supp. 2d 273, 275 (S.D.N.Y. 2008) (quoting *Miro v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 01-CV-5196, 2002 WL 31357702, at *1 (S.D.N.Y. Oct. 17, 2002)). The purpose of

FRAP 10(e) is to correct omissions or misstatements, not to introduce new evidence for the first time in the court of appeals. *See Robinson*, 589 F. Supp. 2d at 275. The Second Circuit "do[es] not consider evidence that was not part of the record below 'absent extraordinary circumstances.'" *Toth on behalf of T.T. v. City of New York Dep't of Educ.*, 720 F. App'x 48, 51 (2d Cir. 2018) (quoting *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975)).

## **DISCUSSION**

Here, the parties state in their joint motion that "[t]hrough error or accident . . . the record at ECF 18 did not include the parties' briefs to the Appellate Division or [Petitioner's] presentencing report." (ECF No. 54 at 1.) The parties note that the omitted documents are "material" given the appellate briefs would have bearing on whether Petitioner's claims were exhausted or procedurally defaulted. (*Id.*) The parties also note that the referenced documents were described and referred to in Respondent's affidavit and memorandum of law. (*Id.* at 2.) Because the "references to [the documents] were before the court when it denied [Petitioner's] habeas petition," the parties jointly move to add the documents to the record pursuant to FRAP 10. (*Id.*)

It is arguable whether the documents that the parties seek to include were truly "before [this Court] in the course of its

4

proceedings leading to the judgment under review." *Robinson*, 589 F. Supp. 2d at 275. As noted by the parties, references to the documents themselves were before the Court, in both sworn and unsworn documents filed by Respondent, but not the underlying documents themselves. The Court gives due consideration, however, to the fact that Petitioner was incarcerated and proceeding *pro se* until just recently and might not have been aware that the documents themselves were not previously part of the record before *this* Court, as opposed to the prior state proceedings. *See United States v. Giaimo*, 880 F.2d 1561, 1564 (2d Cir. 1989) ("We give [*pro se* defendant] the benefit of a doubt in the face of the practical difficulties that an incarcerated prisoner faces in preparing and presenting an appeal.") To avoid any uncertainty in future appellate proceedings, however, this Court wishes to make it clear that the addition of these documents to the record would have no bearing on the decision to deny Petitioner's Section 2254 petition.

## **SUPPLEMENTAL DOCUMENTS**

Petitioner did not file a motion for reconsideration in the instant case prior to filing his notice of appeal, and, if he were to file one at this point, it would likely be denied for lack of jurisdiction. A federal district court and a federal appellate court may not maintain simultaneous jurisdiction over a case. *See*

5

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")  A district court may retain jurisdiction over a motion for reconsideration that is filed *before* a notice of appeal, but that is not the case here.[1]  *See Lowrance v. Achtyl*, 20 F.3d 529, 533 (2d Cir. 1994).  Notwithstanding the above, the Court wishes to state that if a motion for reconsideration *had* been filed based on the documents the parties seek to add to the record, it would have been denied.

Federal Rule of Civil Procedure 60(b) "sets forth the grounds on which a court, in its discretion, can rescind or amend a final judgment or order."  *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  Relevant here, Fed. R. Civ. P. 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  Rule 60(b) "strikes a balance between serving the ends of justice and preserving the finality of judgments."  *Nemaizer*, 793 F.2d at 61.  Although a court must "do 'substantial justice,' . . . final

---

[1] The Court notes that in some circumstances the Second Circuit has held a notice of appeal in abeyance in order to allow a district court to dispose of a motion to vacate filed after a notice of appeal. *See, e.g., Monroe v. Griffin*, No. 16-CV-04788 (DC), 2023 WL 4667252, at *1 (E.D.N.Y. July 20, 2023)

judgments should not 'be lightly reopened,'" *id.* (citations omitted), and "[a] motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances," *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (citation omitted). The party seeking relief from the judgment bears the burden of proving that such circumstances are exceptional. *Id.* Ultimately, "[t]he decision whether to grant such a motion rests within the district court's sound discretion." *Reese v. McGraw-Hill Companies, Inc.*, 293 F.R.D. 617, 621 (S.D.N.Y. 2013), *aff'd sub nom. Reese v. Bahash*, 574 F. App'x 21 (2d Cir. 2014).

I. **Appellate Briefing**

Here, as noted by the parties, the state appellate briefing, which of course was not before the trial court at the time of Petitioner's conviction, would be most important in determining "whether arguments in support of habeas relief have been exhausted or procedurally defaulted." (ECF No. 54 at 1.) In ruling on Petitioner's Section 2254 petition, this Court found the following arguments to have been procedurally barred or defaulted: 1) the speedy trial claim; 2) the claim regarding an evidentiary ruling for foot impressions; 3) the claim regarding the prosecutor's summation; and 4) claims regarding Petitioner's sovereign status. *James v. D'Amore*, No. 22-CV-1120 (KAM), 2024 WL 384912, at *12,

7

20, 22, 23 (E.D.N.Y. Feb. 1, 2024). None of the materials now sought to be added to the record would alter the Court's conclusions on these claims.

First, Petitioner's Appellate Brief, filed by counsel, touches on the evidentiary ruling regarding foot impressions. (ECF No. 54-2 at 45-47.) The argument offers no discussion of whether Petitioner preserved the claim for appellate review. (*Id.*) Respondent's brief in opposition argues that Petitioner "did not preserve his claim for review" and notes that Petitioner "never complained of a constitutional error before the trial court, whether in his motion papers or at trial." (ECF No. 54-3 at 60.) Respondent further argued that Petitioner "never objected to [the evidence's] admission" at trial, even after being asked by the trial court whether he had any objection. In the absence of any new evidence or case law to the contrary, the Court sees no reason to alter its conclusion that Plaintiff's claim was procedurally barred, or, in the alternative, without merit. *James*, 2024 WL 384912, at *20.

Second, Petitioner's supplemental *pro se* appellate brief touches on the other two claims this court found to be procedurally barred: Petitioner's speedy trial claim and his claim regarding the prosecutor's summation. Petitioner's argument in his supplemental brief regarding his speedy trial claim does not offer

8

any further discussion of whether he properly preserved the claim for appellate review. (ECF No. 54-4 at 9-10.) Respondent's opposition brief argues that the claim was unpreserved, noting that Petitioner "did not move to dismiss the indictment either when jury selection began . . . or just prior to opening statements." (ECF No. 54-5 at 6.) None of the information included in the briefing alters the Court's finding that Petitioner's claim of a speedy trial violation was unpreserved for appellate review, and thus, procedurally barred. *James*, 2024 WL 384912, at *13.

Regarding Petitioner's claim surrounding the prosecutor's summation, his supplemental brief offers no discussion of whether the claim was preserved for appellate review. (ECF No. 54-4 at 10-11.) Respondent's opposition brief argues that the claim was unpreserved for appellate review as Petitioner did not object to the evidence the prosecutor referenced in her summation, or to the referenced portion of the summation itself. (ECF No. 54-5 at 11-12.) Furthermore, Respondent noted that Petitioner's objection to a separate portion of the summation was addressed with a "strong curative instruction" by the trial court. (ECF No. 54-5 at 15.) None of the additional briefing alters the Court's finding that Petitioner's claim was not properly preserved, and thus procedurally barred. *James v. D'Amore*, 2024 WL 384912, at *22.

Third, the Court notes that neither of Petitioner's state appellate briefs address his argument that he is "sovereign" and that his arrest was therefore unlawful. (Pet. Letter at 3.) Accordingly, the Court's previous finding that the "claim is procedurally barred as it was not presented before the trial court or on direct appeal" is not disturbed by the additional documents. *James*, 2024 WL 384912, at *23.

## II. **Petitioner's Presentencing Report**

The parties also seek to supplement the record by including Petitioner's presentencing report ("PSR"), which was referenced briefly in Respondent's Memorandum of Law in the instant petition. (State Mem. at 20.) Specifically, Respondent argued the following:

> Prior to petitioner's sentence, in an interview with the Suffolk County Department of Probation, petitioner asserted that he suffered from a number of psychiatric diagnoses. Apparently the sole basis of this information to probation was petitioner's self-reporting. Even if the court were to consider information in the presentence report, it is insufficient to support a hearing on the issue. First, even if true, these conditions would not necessarily make him incapacitated. Furthermore, as discussed, a mentally ill person can be competent.

(*Id.*) As noted by Respondent, the PSR includes several statements by Petitioner regarding his mental health. The Court will focus on these statements, as it does not find the remainder of the PSR to have any bearing on Petitioner's Section 2254 petition.

10

Petitioner stated in his interview with the Department of Probation that he was "innocent and very, very, very crazy." (ECF No. 54-1 at 6.) He also stated that he had "many mental health diagnoses including depression, anxiety, mental anguish, PTSD, and multiple personality disorder." (*Id.* at 7.) The PSR offers additional details from Petitioner regarding his own reports of mental health challenges, previous psychiatric care, and prescriptions for medication to treat his mental health conditions. (*Id.*) The Department of Probation noted that Petitioner had "a history of mental health issues" in its analysis and recommended a period of imprisonment "as prescribed by law." (*Id.* at 8.)

Although the PSR was mentioned by Respondent in his memorandum of law, the Court did not reference it in its decision regarding Petitioner's competence to proceed *pro se*. *James*, 2024 WL 384912, at *14-16. The Court notes that the trial court would necessarily not have had access to the PSR at the time it granted Petitioner's request to proceed to trial *pro se,* given the report was not prepared until after Petitioner's conviction at trial. Furthermore, other courts in this circuit have found that reports of hospitalization and mental health challenges in a PSR alone do not trigger a right to a competency hearing. *See, e.g. Rodriguez v. Lamanna*, No. 2:18-CV-07196 (ENV), 2020 WL 4926358, at *4

11

(E.D.N.Y. Aug. 19, 2020) ("Although [pre-sentence] report detailed a history of prior hospitalizations, mental health therapy, suicide attempts, and use of psychiatric medication, this evidence alone does not trigger a right to a competency hearing when, otherwise, there is no indication of incompetence."); *Lopez v. Walker*, 239 F. Supp. 2d 368, 374 (S.D.N.Y. 2003) (concluding that habeas claim challenging validity of guilty plea based on lack of competency hearing was meritless where pre-sentence report referenced prior suicide attempts and hospitalizations but defendant "presented to the court as coherent and rational"). Thus, the Court finds that its conclusions regarding Petitioner's competence to proceed *pro se* or right to a competency hearing are not changed by the addition of the PSR, previously referenced in Respondent's Memorandum of Law.

**CONCLUSION**

For the reasons stated above, the parties' joint motion to supplement the record pursuant to Federal Rule of Appellate Procedure ("FRAP") 10(e) is granted. The documents appended to the motion are therefore incorporated into the record for Petitioner's pending appeal.

**SO ORDERED**

Dated:   March 19, 2024
         Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York